IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FAHIL NUWAY ABRAHA,

    Petitioner,

vs.

MARKWAYNE MULLIN, Secretary
of the United States Department of
Homeland Security, et al.,

    Respondents.

4:26-CV-3230

MEMORANDUM AND ORDER
GRANTING WRIT OF HABEAS
CORPUS

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241. Filing 1. He asserts his detention is unlawful because he has been in detention since June 2025, and there is no significant likelihood that he will be removed from the United States in the reasonably foreseeable future. The Court will grant the petition.

BACKGROUND

The petitioner is subject to a final order of removal. He was born in Ethiopia and is a citizen of Eritrea. Filing 7 at 4. He was admitted to the United States in 2007 as a refugee when he was around 7 years old. Filing 1 at 5; filing 7 at 4. In 2009, he became a lawful permanent resident and lived in Iowa. *See* filing 7 at 4-5. Beginning in 2020, the petitioner was convicted of several crimes, the most serious being a 2021 drug-related offense. *See* filing 7 at 5. In 2022, the petitioner was detained by ICE and placed into removal proceedings based on his criminal convictions. Filing 7 at 5.

In July 2023, the petitioner was ordered removed to Ethiopia by an immigration judge in Omaha. Filing 7 at 6. He did not appeal. After failed attempts to secure travel documents to Ethiopia and Eritrea, the government

released the petitioner in August 2024 because there was no significant likelihood that he would be removed in the foreseeable future. Filing 7 at 7. He was subject to an order of supervision, and did not violate any of the terms. Filing 7 at 7.

In June 2025, the petitioner's order of supervision was revoked "due to notice from the Government of Ethiopia stating that they would accept citizens of Eritrea." Filing 7 at 7. Based on that representation, the government concluded the petitioner's removal was likely to occur in the foreseeable future. *Id.* In December 2025, the petitioner's travel itinerary to effect his removal was rejected. Filing 7 at 8. The petitioner "has completed the necessary applications to obtain a travel document," but he does not yet have that document, nor is there a completed travel itinerary or estimated timeline for his removal. *See* filing 7 at 7-8. He remains detained. *See* filing 1.

## DISCUSSION

If a noncitizen has been detained more than six months, and if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the detention is unreasonable unless the government provides sufficient evidence rebutting that showing. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Not every noncitizen must be released after six months; a noncitizen "may be held in confinement until it has been determined that there is no significant likelihood of his removal in the reasonably foreseeable future." *Id.*

There's no doubt that the petitioner has been detained more than the presumptively reasonable period. The government asserts the petitioner cannot meet his initial burden of showing there is no significant likelihood of his removal in the reasonably foreseeable future. Filing 5 at 8. And, even if he could, the government claims its evidence rebuts that showing. *Id.*

The petitioner asserts that he "cannot be removed to Eritrea as the government has not cooperated with efforts to secure travel documents and Ethiopia has not provided Petitioner with any documentation." Filing 1 at 11. The government does not dispute that the petitioner has cooperated to secure travel documents. Filing 7 at 7. The Court is satisfied that the petitioner has satisfied his initial burden under *Zadvydas*.

The government does not rebut that presumption. It avers that Ethiopian officials began "reviewing and issuing travel documents for Eritrean Nationals" in March 2025. Filing 7 at 8. That was the initial justification for the petitioner's detention, but, curiously, there is no indication that the government ever applied for a travel document with Ethiopia. Rather, the government attempted, and continues to attempt, to "obtain a travel document for the Petitioner to Eritrea" with Eritrean officials. *See* filing 7 at 7.

The government claims that "Eritrea recently issued 21 travel documents to those who were identified as citizens of Eritrea," filing 7 at 8, but none of those documents were for the petitioner. Unadorned assertions that the government will receive travel documents "soon" or "in the next weeks" does not make removal reasonably foreseeable. *E.g., id.*; *Asmerom v. Martinez*, No. 4:26-cv-793, 2026 WL 1707195, at \*4 (S.D. Tex. June 11, 2026); *Salad v. Dep't of Corrs.*, 769 F. Supp. 3d 913, 933-34 (D. Ak. 2025); *see also Nguyen v. Bown*, No. 25-cv-1560, 2026 WL 1179066, at \*5 n.5 (W.D. La. Apr. 14, 2026) (collecting cases).

The petitioner's travel itinerary was rejected *eight months ago*, and the government has made no showing of what it has done in the meantime to effect the petitioner's removal; it only argues that other, unrelated noncitizens have received travel documents from the country to which the petitioner might be removed. (He might also be removed to Ethiopia—the government's evidence is unclear on that point.)

The petitioner was deemed likely to be removed over a year ago, yet he remains detained in the United States. Based on the record before the Court, there is no significant likelihood that the petitioner will be removed in the reasonably foreseeable future. Accordingly,

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (filing 1) is granted.

2. The government shall immediately release the petitioner from custody with no new or additional conditions, and shall return any personal property seized from the petitioner when detained.

3. No later than **August 12, 2026**, the government shall file a status report certifying compliance with this Order.

Dated this 5th day of August, 2026.

BY THE COURT:

_____

John M. Gerrard
Senior United States District Judge

4